James A McKee
PO BOX 1025
Boulder, CO 80306

Plaintiff

FILED
U.S DISTRICT COURT
DISTRICT OF COLORADO

2016 MAR 11  PM 12:50

JEFFREY P. COLWELL
CLERK

BY_____DEP.CLK

'16 -CV- 00593

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

COUNTY OF DENVER

| James A McKee, | ) CASE NO. |
| Plaintiff, | ) |
|  | ) ACTION FOR TRESSPASS ON |
| Vs. | ) THE CASE |
|  | ) |
| loanDepot.Com, LLC., et al., | ) VERIFIED |
|  | ) |
| Defendants. | ) |

---

### FIRST CAUSE OF ACTION - TRESPASS ON THE CASE

#### PARTIES

1. I am James A McKee, one of the people of Colorado, and in this court of record complain of LoanDepot.Com, LLC., a limited liability company who is summoned to answer the said Plaintiff in a plea of trespass on the case, to wit:

**INTRODUCTION**

2. Beginning November 20, 2015, I started to receive unsolicited telephone calls to my private Colorado based telephone number. These calls were to market Home refinancing products and originated from the entity loanDepot.com, LLC, and/or the telemarketing agency they use to generate sales leads.

3. The first 13 telephone calls were logged and appeared to originate from a local number. The first 12 calls were not answered but were logged. The 13th was answered to obtain information to expose the true identity of the caller. In calling the number back as appeared on my caller ID, the number was disconnected.

4. After finally answering the 13th call to stop the relentless abuse and obtain information on the caller, a new round of calls (call 14 - call 65) began. They were logged and appeared also to originate from another telephone number appearing also be local as well. After call #14, I attempted to stop the relentless abuse by calling the number back, to listen to a prerecorded greeting announcing the company name stating "Loan Depot". There was also an option to opt-out of future calls, but this did not appear to work and resulted in disconnecting the call. I tried again moments later with the same result.

5. The calls continued for many days more, each violating Federal and Colorado State Law.

### SPECIFICS

6. That I am the owner of telephone number (303)258-1000, a Colorado based telephone number, and have owned this number for approximately 15 ½ years.

10. That beginning on 11/20/15, I received 13 unsolicited phone calls from telephone number caller ID reported (303)752-1621. This is a disconnected number and possibly hijacked/spoofed to appear as local originating from the Denver metro area. This was verified by returning the call to find it was disconnected.

7. That these unsolicited phone calls were to offer some sort of mortgage loans and/or personal loans. I have never inquired with this entity or any affiliate regarding interest in mortgage or personal loans and that the nature of these calls are completely unsolicited and unwanted.

8. I have been registered with the Federal Do Not Call Registry since April 21, 2005 (see exhibit "A") and Colorado State No-Call List since July 7, 2005 (see exhibit "B"). That though I did not answer these unsolicited calls, my voice mail system logged and time-stamped each call (see exhibit "C"). Most of the calls had a voice stating "Hello, Hi, This is Sarah (and/or

another female name). How are you doing today?" (see digital file exhibits "D1, D2 and D3 on CD-ROM).

9. That on 12/8/15, after being frustrated with the constant bombardment of the unsolicited marketing calls, I answered the incoming call on 12/8/15 at 7:33 PM[1] to investigate the caller and obtain any identifying information as to the source. This call was recorded[2] via video camera (see digital file exhibit "E" on CD-ROM).

10. Within minutes of ending this call, at 19:39 MST, I received the first call from telephone caller ID: 720-440-5666. I did not answer and a voice mail was left stating: *"Hi, This is Savannah from Loan Depot with some great news regarding your recent mortgage refinance application if you're no longer interested in mortgage information, please press pound to opt out or call us at 866-965-9011. We are missing just a few pieces of critical information necessary and getting you fully approved, and it will only take a few minutes of your time. I will be here until 8 p.m. Pacific time to assist you so please call me back at 866-965-9011 again that number is 866-965-9011. I know we can provide you with the lowest rates available, and I look forward to hearing from you soon. Have a great day."*

---

[1] Call log on exhibit "C" indicates 12/9 at 02:33z due to time conversion from Mountain Standard Time to UTC
[2] Federal and Colorado State law permit recording telephone calls and in-person conversations with the consent of at least one of the parties. See 18 U.S.C. 2511(2)(d). Colo. Rev. Stat. § 18-9-303(1)

(see digital file exhibit "F1" on CD-ROM) This was a pre-recorded automated telephone call. Two more variations of this same style of message from were recorded to voice mail on 12/9/15 and 12/10/15 (see digital file exhibit "F2" and "F3" on CD-ROM)

11. That on 12/9/15, I attempted to finally demand these calls stop by calling the telephone number as indicated on the automated greeting "Thank You for calling Loan Depot, Please wait while we connect your call to a banker", followed by silence and then the call disconnected within 10 seconds. A 2nd attempt was made with the same result.

12. A total of 52 calls were received from caller ID: (720)440-5666. (also contained in exhibit "C")

13. I cross-referenced this telephone number on the internet to find multiple websites full of people complaining about the same issue from the same phone number, some of which names Loan Depot as the caller (see exhibit "G")

14. On January 6, 2016 I created and mailed affidavit and complaint to loanDepot.com, LLC. (furthermore referred to as simply "loanDepot.com") with the attention to "Legal Department". Also included was an invoice for the first 13 calls

1  in an attempt to settle before bringing this matter to court. I
2  gave 14 days from receipt of my letter to respond.
3
4  15.  I received a response letter dated January 18, 2016 stating
5  loanDepot.com, has received my notice of intent and that they
6  were currently investigating my assertions. They further stated
7  that they have added my phone number to their internal do not
8  call list. This letter was signed by David Kanno, Paralegal (see
9  exhibit "H")
10
11 16.  I performed a public business entity search through the
12 Nevada Secretary of State and discovered the registered agent as
13 well as the principal named officers of loanDepot.com, I wrote a
14 second letter dated January 25, 2016, and stated that though
15 there was no response to my first letter (the 2nd letter was sent
16 before receiving their initial response later that day), I was
17 granting them an additional 16 days to respond and resolve since
18 was able to forward each principal a copy of my complaint. (see
19 exhibit "I" for proof of mailing)
20
21 17.  On February 5, I received a response letter from Beth
22 Kearney, Vice president, Associate General Counsel for
23 loanDepot.com, (see exhibit "J") In her letter to me, in
24 paragraph 'A', it summarized the company's commitment to
25 obtaining express written consent before communicating with
26 customers, something which was never granted by me.
27

1  18.  In Paragraph 'B' Ms. Kearney stated that Through the
2  company's investigation, the intended recipient or the call
3  center agent who entered the phone number into the lead database
4  transposed two numbers resulting in the company receiving my
5  phone number instead of the recipient. Regardless of how my
6  number was obtained, it was, and was used to place the
7  unsolicited calls.
8
9  19.  Furthermore, in Paragraph 'B', Ms. Kearney stated that
10 there was an inaccuracy in my claim stating that loanDepot has
11 never used the number (303) 752-1621 and did not call me from
12 that number at any time, however this contradicts the fact that
13 I received 13 calls from an entity spoofing and/or hijacking
14 that number (since it is not a working number), and also her own
15 words as stated in paragraph 18 stating a transposition of two
16 digits occurred resulting in my number being entered.
17
18 20.  On February, 25, I received a letter via email from Ms.
19 Kearney asking for a copy of my video evidence which I emailed
20 to her on the following day along with a letter stating that I
21 needed a response by my deadline Tuesday, March 1. I received no
22 response by my stated deadline.
23
24
25
26
27

## SECOND CAUSE OF ACTION – TRESPASS ON THE CASE

21. Paragraphs 1 through 20 of FIRST CAUSE OF ACTION are included by reference as though fully stated herein.

22. The TCPA and Federal Do Not Call Registry requires telemarketers to follow specific guidelines concerning telephone subscribers that do not wish to be called, and specifies minimum statutory damages in the event of violations of the regulations.

23. The defendant willfully and knowingly violated Federal Statutes and Regulations set forth by the TCPA, and Federal Do Not call Registry in each instance. 47 USC 227(c)(5) states that if the court finds the defendant willfully or knowingly violated the regulations prescribed under this subsection, "triple damages may be awarded".

24. The defendant willfully and knowingly violated Colorado State Law C.R.S. 6-1-904 in each instance whereby making it unlawful to make telephone solicitations to subscribers on the Colorado no-call list. C.R.S. 6-1-113 states if found guilty, the defendant may be liable in an amount equal to the sum of: (a) The greater of: $500 per instance or treble damages of 3 times the amount of actual damages sustained, if it is established by clear and convincing evidence that such person engaged in bad faith conduct; plus (b) In the case of any successful action to enforce said liability, the costs of the

action together with reasonable attorney fees as determined by the court.

### THIRD CAUSE OF ACTION - TRESPASS ON THE CASE

### VICARIOUS LIABILITY

25. Paragraphs 1 through 20 of FIRST CAUSE OF ACTION are included by reference as though fully stated herein.

26. Whether the unsolicited telephone calls were placed directly by loanDepot.com or an outside firm contracted by them matters not as it is just as much responsibility for the hiring entity as it is the contracted entity to ensure compliance with all applicable laws.

27. The purpose of imposing vicarious liability is to insure the costs of injuries resulting from defective actions are placed on the source of the actions and others who make the actions possible rather than on injured persons who are powerless to protect themselves. For a defendant to be vicariously liable it must play an integral and vital part in the overall production and promotion activity so that the actor is in a position to affect others or, at the very least, it must provide a link in the chain of exposing the ultimate victim to the actor. The vicariously liable defendant must be in the business of controlling, leasing, bailing, or licensing the actors.

28. Each defendant is an agent of the other, and each has his place in the chain of exposing plaintiff James to the actors. Each defendant is vicariously liable for each instance of injury to plaintiff.

29. For that cause of action therefore Plaintiff brings his suit.

## LAW OF THE CASE

30. Exhibit "J" is incorporated by reference as though fully stated herein.

## REQUEST FOR RELIEF

31. WHEREFORE, Plaintiff prays judgment against Defendant, and each of them, as follows:

32. On 64 counts of unsolicited telephone calls:

33. For treble damages in the sum of $96,000;

34. For costs of suit incurred and attorney's fees; and

35. For interest as allowed by law;

36. For such other and further relief as the court may deem proper.

37. I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

March 11, 2016, County of Boulder, Colorado

*[signature]*

James A McKee
PO Box 1025
Boulder, Co 80306
Telephone: 303-903-9020
E-mail: rmtvco@gmail.com

*[Seal: JAMES A MCKEE — SEAL — DEI GRATIA — WISDOM STRENGTH JUSTICE]*